UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JADARIUS WARDLOW,

    Plaintiff,

v.                                         Case No: 2:18-cv-199-FtM-38CM

STATE OF FLORIDA, ITA M.
NEYMOTIN and KATHLEEN A.
SMITH,

    Defendants.
_____/

## OPINION AND ORDER[1]

On May 23, 2018, the Court issued an Order (Doc. 12) dismissing the initial purported class action complaint filed in this action by seven detainees in the Lee County Jail for failing to state a claim upon which relief may be granted without prejudice to each *pro se* plaintiff filing their own amended complaint. Pending before the Court is Plaintiff Jadarius Wardlow's Amended Complaint for Violation of Civil Rights (Doc. 13) filed June 1, 2018, accompanied by his motion to proceed *in forma pauperis* (Doc. 14).

Because Plaintiff is a "prisoner"[2] and seeks to proceed in forma pauperis, the Court is required to review the Amended Complaint and "dismiss the complaint, or any portion

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.
[2] Despite his pretrial detainee status, (*see* Doc. 13 at 4), Plaintiff is considered a prisoner for purposes of review under 28 U.S.C. § 1915A, as the term includes "any

of the complaint" if the Court finds that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted; or, alternatively "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2).

A complaint may be dismissed as frivolous under § 1915 where it lacks an arguable basis in law or fact . *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327. In addition, where an affirmative defense would defeat a claim, it may be dismissed as frivolous. *Clark v. Georgia Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.2 (11th Cir. 1990).

The phrase "fails to state a claim upon which relief may be granted" has the same meaning as the nearly identical phrase in Federal Rule of Civil Procedure 12(b)(6). *See Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997) ("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6), and we will apply Rule 12(b)(6) standards in reviewing dismissals under section 1915(e)(2)(B)(ii)."). That is, although a complaint need not provide detailed factual allegations, there "must be enough to raise a right to relief above the speculative level," and the complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007).

In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 47 (11th Cir. 2004). Moreover, the

---

persons incarcerated or detained in any facility who is accused of . . . violations of criminal law . . . ." *Id.* § 1915A(c).

Court must read the plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519 (1972).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the Constitution or federal law, and (2) the deprivation occurred under color of state law. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (citing *Arrington v. Cobb County*, 139 F.3d 865, 872 (11th Cir. 1998). In addition, a plaintiff must allege and establish an affirmative causal connection between the defendant's conduct and the constitutional deprivation. *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1059 (11th Cir. 2001); *Swint v. City of Wadley, Ala.*, 51 F.3d 988, 999 (11th Cir. 1995); *Tittle v. Jefferson County Comm'n*, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

The Amended Complaint names three defendants: The State of Florida, Ita M. Neymotin, and Kathleen Smith. Doc. 13 at 1-2. All defendants are sued in their individual and official capacities. *Id.* at 2. Although not identified as such in the Amended Complaint, the Court takes judicial notice that Defendant Ita M.Neymotin is the head of The Office of Criminal Conflict and Civil Regional Counsel for the Twentieth Judicial Circuit ("OCCCRC")[3] and Defendant Kathleen Smith is the elected Public Defender for the Twentieth Judicial Circuit. Although identifying three defendants, the Amended Complaint contains allegations against only Ms. Smith. Doc. 13 at 5. More specifically, the Amended Complaint states Ms. Smith "acted as an Esquire, violating Art. I, Section 9&10 of the U.S. Constitution"; "presented no delegation of authority order signed by

---

[3] The OCCCRC provides legal representation to indigent persons in criminal cases when the Court grants the Public Defender's motion to withdraw.

Congress"; "violated the 4th, 5th, 6th, 8th & 14th Amendments of the U.S. Constitution"; "did not allow the plaintiffs to have conflict of interest counsel"; and "disregarded the challenge of jurisdiction." *Id.* at 5(D). Elsewhere the Amended Complaint contains an "Additional" . . . "Statement of Claim" that generally claims Ms. Smith failed to perform various acts in connection with Plaintiff's defense, such as providing "a verified victim" or "a competent factual witness," or withholding "exculpatory evidence." *See Id.* at 12. To the extent discernable, it appears that Plaintiff is attributing certain actions taken by Mr. Gaither, Plaintiff's previously appointed public defender,[4] to Ms. Smith. The Amended Complaint further states that Ms. Smith "conspired to falsely arrest and maliciously prosecute[e] the plaintiff [ ]" and "initiated and maintained a malicious prosecution." Doc. 13 at 12. As relief, Plaintiff seeks more than 85 million dollars.

At the outset, Plaintiff's claims against the State of Florida are barred by the Eleventh Amendment. *See Allen v. Florida*, 458 F. App'x 841, 843 (11th Cir. 2012)(*citing McClendon v. Ga. Dep't of Cmty. Health*, 261 F.3d 1252, 1256 (11th Cir. 2001)). Further, the Amended Complaint is completely devoid of any factual allegations as to Ms. Neymotin.

With regard to Ms. Smith, the Supreme Court has held that a public defender "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County, et al. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted); *Hall v. Tallie*, 597 F. App'x 1042, 1044 (11th Cir. 2015); *Grinder v. Cook*, 522 F. App'x 544, 547 (11th Cir. 2007). Consequently, Ms. Smith

---

[4] Mr. Gaither was originally named as the sole defendant in Plaintiff's initial complaint. Doc. 1.

is not deemed a state actor and no viable § 1983 claim is stated to the extent that the Amended Complaint attributes liability to Ms. Smith due to her alleged incompetence or her failure to undertake certain actions to vigorously defend Plaintiff in his underlying criminal proceeding.

"However, a public defender may be liable under § 1983 if he or she conspires with someone who did deprive the plaintiff of one or more of his legally recognized rights under color of state law." *Hall*, 597 F. App'x at 1044 (*citing Wahl V.McIver*, 773 F.2d 1169, 1172-73 (11th Cir. 1985)). The Amended Complaint, however, fails to "illustrate facts sufficient to show that the Public Defender either acted under of color of state law or participated in a conspiracy." *Hall*, *Id.* Instead, the Amended Complaint contains only vague conclusory allegations without any specific facts to suggest a conspiracy between Ms. Smith and any state officials to maintain a § 1983 action. Conclusory allegations of a conspiracy are insufficient to allege a valid conspiracy claim. "To establish a prima facie case of section 1983 conspiracy, a plaintiff must show, among other things, that defendants " 'reached an understanding to violate [his] rights.' " *Rowe v. City of Ft. Lauderdale*, 279 F. 3d 1271, 1283 (11th Cir. 2002).(*quoting Strength v. Hubert,* 854 F.2d 421, 425 (11th Cir.1988)). Here, the Amended Complaint does not allege that Defendant Smith reached an understanding to violate his rights. See *Phillips v. Mashburn,* 746 F.2d 782, 785 (11th Cir.1984). (The "naked assertion of a conspiracy. . . without supporting, operative facts" establishing an agreement among defendants and a plan to put the agreement into effect, is inadequate to trigger § 1983 liability).

Accordingly, it is now

**ORDERED:**

5

The Amended Complaint (Doc. 13) is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) and (2), and 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). The Clerk shall enter judgment accordingly, terminate all motions, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of July 2018.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record